# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Joseph Chess (#22273-424),** | ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 07 C 5333 |
| **John Pindelski,** | ) ) | Judge Wayne R. Andersen |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Chess, a federal prisoner incarcerated at the Metropolitan Correctional Center (MCC), filed this civil rights action against MCC officers and psychologists John Pindelski, Jason Dana, Richard Nieberding, and Daniel Greenstein. Plaintiff also named as Defendants Jerome Adams, a fellow inmate, and either the Bureau of Prisons or the United States of America. Summonses were issued and served on only the individual MCC officers and psychologists. Plaintiff alleges that, on February 6, 2007, Adams poured scalding water on Plaintiff; Plaintiff suffered severe burns to his face, neck, eye, and ear; and the MCC Defendants knew that Adams was mentally unstable and dangerous, yet allowed him to be housed in general population. On August 20, 2008, the Court denied Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies, noting that a Fed. R. Civ. P. 12(b) dismissal was improper in light of *Jones v Brock*, 549 U.S. 199 (2007), and because the failure-to-exhaust issue required consideration of materials outside the complaint. The Defendants have since filed a motion for summary judgment, again arguing that Plaintiff failed to exhaust administrative remedies. Plaintiff has filed a response, and the Defendants have replied.

For the following reasons, the motion for summary judgment is granted; however, the case is not dismissed. The MCC Defendants are dismissed, but the Court construes Plaintiff's claims against the BOP and the United States as naming the United States as a Defendant. Plaintiff may proceed with his claim against the United States of America, and the clerk shall issue summons for this Defendant.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000). With respect to whether an inmate exhausted administrative remedies, the Court, and not a jury, must resolve factual issues. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## FACTS

The summary judgment evidence demonstrates the following. On February 6, 2007, Metropolitan Correctional Center (MCC) inmate Jerome Adams, allegedly unprovoked, threw scalding hot water on Plaintiff, causing severe burns on Plaintiff's face, ear, neck and eye. *See* Complaint, Docket Entry 1, p.2. According to Plaintiff, Adams is emotionally and mentally disturbed and previously exhibited fits of uncontrollable rage. *Id.* Defendants Pindelski, Dana, Nieberding, and Greenstein, psychologists at the MCC, allegedly knew of Adams' potential for violence, yet did nothing to protect inmates from Adams. *Id.*

On February 28, 2007, Plaintiff mailed an administrative tort claim to the Department of Justice in accordance with the requirements for filing a federal tort claim. The Department of Justice denied Plaintiff's claim on July 2, 2007. Complaint at 1; *see also* Defendants' Rule 56.1 Statement of Uncontested Facts, Docket Entry (DE) 31, Exhibits C and D. Between April 20, 2007, and May 7, 2008, Plaintiff submitted four requests for administrative remedies. According to MCC Attorney Advisor Richard Hansford, one grievance was returned for not being properly filed; the other three did not involve claims against the Defendants concerning the February 6, 2007, incident. Plaintiff filed three intermediate appeals with the BOP's regional office; but he filed no appeals with the BOP general counsel in Washington, D.C. *See* Defendants' Rule 56.1 Statement, DE 31, Exhibit B ¶¶ 7, 8.

Plaintiff admits that he did not file an MCC grievance for two and half months following the February 6, 2007, incident, but states that he filed an administrative tort claim with the Bureau of Prisons in accordance with the Federal Tort Claim Act, which was denied on July 2, 2007. *See* Plaintiff's Request for Summary Judgment, DE 40, p.1; Defendants' Rule 56.1 Statement, DE 31, Exhibits C and D.

Although the documents submitted with Hansford's affidavit do not indicate the subject of the MCC grievances filed by Plaintiff, his response to the motions to dismiss and for summary judgment concede that the only administrative complaint he filed with respect to the Defendants' involvement

with the February 6, 2007, incident was the claim for damages submitted to the Attorney General in Washington, D.C., for a federal tort claim. *See* Plaintiff's Answer to Motion to Dismiss, DE 24; Plaintiff's Memorandum Opposing Summary Judgment, DE 40; *see also* Defendants' Rule 56.1 Statement, DE 31, Exh. C. Plaintiff signed that administrative complaint on February 28, 2007; it was denied on July 2, 2007; and Plaintiff filed the complaint in the instant case in September 2007. *See* Defendants' Rule 56.1 Statement, DE 31, Exhs. A, C, and D.

## ANALYSIS

The Prisoner Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. This exhaustion requirement applies to federal prisoners seeking to bring a civil rights suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Massey v. Helman*, 259 F.3d 641, 645-46 (7th Cir. 2001). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion is necessary, contrary to Plaintiff's contentions, even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d at 809. If the prisoner fails to properly use the prison's grievance process, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be considered indefinitely unexhausted. *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 89-90. The grievance procedures

applicable to Plaintiff before filing a *Bivens* action included an initial informal resolution stage and a three-step grievance process to the prison's warden, to the Regional Director, and finally to the General Counsel. *See* 28 C.F.R. § 542.13-15.

The summary judgment evidence indicates that Plaintiff did not exhaust administrative remedies with respect to his *Bivens* claim against the individual MCC Defendants. Plaintiff concedes that he did not seek administrative relief under the procedures set out under § 542.13-15. *See* Plaintiff's Memorandum Opposing Defendants' Summary Judgment Motion, DE 40. However, the exhaustion requirement for a claim under the Federal Tort Claim Act (FTCA) requires that Plaintiff file an administrative claim with the appropriate federal agency before filing suit. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Palay v. U.S.*, 349 F.3d 418, 425 (7th Cir. 2003); *Bontkowski v. U.S.,* 2003 WL 21281763, *4 (N.D. Ill. 2003). Plaintiff complied with this requirement by filing a claim with the BOP and the Attorney General, who denied the claim on July 2, 2007, and by filing suit in a federal district court within six months after the BOP's decision. *See* Defendant's Rule 56.1 Statement, DE 31, Exh. C & D.

Lawsuits complaining about unconstitutional actions by federal employees are governed by *Bivens* if the suit is against the employees, and by the Federal Tort Claims Act if the suit is against the United States. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Plaintiff's complaint, in addition to listing MCC officials as Defendants, states that "one of the claims is against the United States of America." The complaint also asserts claims against the BOP as a division of the United States. *See* Complaint, ¶¶ 1, 3, 4,10, 11. Liberally construed, Plaintiff's complaint names the United States as a Defendant.

## CONCLUSION

Accordingly, the motion for summary judgment filed by the MCC Defendants is granted, and Plaintiff's claims against them are dismissed for failure to exhaust administrative remedies. Plaintiff's complaint, however, is not dismissed. Plaintiff's complaint, liberally construed, names the United

States as a Defendant, and Plaintiff may proceed with his claim against the United States. The clerk shall issue summons to serve the United States and shall change the caption of the case to "Chess v. United States."

ENTER: /s/ Wayne Andersen
/Wayne R. Andersen
United States District Court Judge

DATE: January 23, 2009